## STATE OF OHIO EX REL. ARCHIBALD v. TRUSTEES (COLUMBIA TP.).

ACT OF APRIL, 1893 (90 O. L., 251), IS NOT INVALID IN NOT LIMITING AMOUNTS TO BENEFITS.

A statute requiring township trustees to condemn land to widen a particular road, and assess back the cost on abutters, is not invalid by reason of not limiting the amount to the benefits, and thus allowing confiscation, for the courts would enjoin an assessment exceeding benefits.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

On April 27, 1893, the general assembly passed a law authorizing and requiring the trustees of Columbia township, in this county, to widen to a width of six feet, and extend Williams avenue from its intersection with the Duck Creek road eastwardly along the north lines of secs. 33 and 27 in said township to a point where the same intersects the Madison road, and directing that the said trustees should immediately make application to the probate court of this county (under certain sections of the Rev. Stat.), for the condemnation of the necessary land, and to assess the compensation for the land required for the improvement, and providing that the costs and expenses of such improvement should be assessed upon the lands abutting thereon, on each side of such extension, by the front foot, which assessment was to be a lien thereon, and be payable within five years in annual installments, or within twenty days after it was levied, if the abutting owners desired to so pay it--but no notice of this assessment or the privilege of payment within the twenty days was required to be given. If not so paid, and any installment remained unpaid ,on the second Monday of September of any year, then the amount of said installment, with ten per cent. penalty thereon, was to be collected by the treasurer of the county, as in other cases.

The petition in the case set forth the substantial provisions of the statute, and averred that the defendants, trustees, had declined to proceed as required by law, and an order was prayed for requiring them to proceed in conformity with the statute. To this petition a general demurrer was interposed by the defendants, which was sustained by the court upon the ground that the act in question was unconstitutional, and the petition was dismissed. The case comes into this court on error, based on this ruling, and the sole question presented to us is, whether the act in question is open to the objections urged against it.

It is objected, in the first place, that if this law be carried out, it may result in the practical confiscation of the lands, or some part of them, which may abut upon the improvement and be assessed therefor. That there is no limitation whatever upon the cost of it, and that under the provisions of the statute the trustees may not only widen and extend the road by condemning the ground necessary to make it a roadway sixty feet wide, but may go further and put down cement pavements, sidewalks and gutters of the most expensive sort, and thus place upon the abutting lands a burden which they cannot bear.

It seems to us that such a claim is not warranted by the terms of the statute. In our judgment the only improvement contemplated by the law is the acquisition by condemnation of the ground on which the road is to run. And that, as held by this court in the *Weston* v. *Hamilton Co.*, 3 Ohio Circ. Dec., 625, while an assessment for a local improvement ought not to be in excess of the benefits conferred thereby, and if it does, might be enjoined by the courts, yet a statute which authorized such an improvement and an assessment therefor, would not be held unconstitutional if it did not provide that the assessments should not be more than the amount of the benefits conferred.

It is further objected that the general assembly has not the right to pass such a statute requiring county commissioners or township trustees, without giving them any discretion in the matter, to construct such an improvement as this, and assess the costs of its construction on abutting property.

We have had occasion heretofore to express our doubts as to the propriety or expediency of such legislation. But our understanding is that the constitutionality of such acts has been maintained by the decisions of the Supreme Court *State ex rel. Hibbs* v. *Com'rs of Franklin Co.*, 35 O. S., 458, and practically in the *Weston* v. *Hamilton Co., supra*, decided by that court, *Weston* v. *Weston*, 38 O. S., 473, affirming the decision of this court in the Erie avenue case. It is true that the authority of these cases is weakened by the fact that three of the six judges now composing the Supreme Court have expressly and forcibly stated

in dissenting opinions that such power does not exist, and that the decision in 35 O. S., 458, *supra*, is bad law, and should be overruled. But it has not as yet been overruled by the court, and whatever ground there may be to suppose that when the question is again submitted to it, that it may be done, in our judgment, it is not the duty of this court to hold that such legislation is unconstitutional. This should be done by any court only when it is manifestly so—but not by a court of inferior jurisdiction when the Supreme Court has upheld it.

We think further that the statute now under consideration differs materially and substantially from that passed on by this court in what is known as the Mooney avenue case—*Kinney* v. *DeMar, ante.*, page 282, and which was held invalid by us. In the case at bar, the general assembly, the supreme legislative authority of the state, has seen proper to direct that one of the administrative boards subject to its control should perform certain duties. Here the discretion exercised is that of the legislature itself. In the other case, it was sought to make these trustees, without the exercise of any discretion by them, mere puppets in the hands of a person or persons, who, owning no part of the lands through which the improvement was to be constructed, and who would have to pay no part of the assessment sought to be made therefor, could require those officers to proceed and construct any improvement they might contrive, at the expense of their neighbors. The distinction and difference between the two cases we think is manifest.

The judgment of the common pleas will, therefore, be reversed.

*B. F. Ehrman*, for plaintiff.

*J. T. DeMar* and *J. D. Brannan*, for defendants.